UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN CLAYBRON,

    Plaintiff,

v.

JODI DEANGELO,
OFFICER MECAJ, and
OFFICER MONTGOMERY,

    Defendants.

_____/

Case No. 2:21-cv-11953
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION THAT DEFENDANT MECAJ BE DISMISSED UNDER RULE 4(m) FOR LACK OF SERVICE

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Jovan Claybron, currently housed at the Woodland Center Correctional Facility ("WCC") in Whitmore Lake, Michigan, filed a *pro se* complaint on August 11, 2021, alleging Eighth Amendment and First Amendment violations. He names Jodi Deangleo, Officer Mecaj, and Officer Montgomery as defendants. (ECF No. 1). As will be explained, Claybron has been unable to achieve service of the complaint to Mecaj despite the best and required efforts of the United States Marshal Service (USMS), within the time period required by Federal Rule of Civil Procedure 4(m)

1

and the extensions granted by the Court.  Therefore, as explained further below, the undersigned RECOMMENDS that Mecaj be DISMISSED WITHOUT PREJUDICE under Rule 4(m) for lack of service.

## II.    Background

As outlined in the undersigned's Order to Show Cause (ECF No. 37):

> Claybron filed his complaint against the defendants on August 11, 2021.  (ECF No. 1).  On March 3, 2022, USMS acknowledged receipt of service of process documents for Mecaj, (ECF No. 16), but on April 25, 2022 the service forms were returned unexecuted (ECF No. 22).  To facilitate service, an order was filed directing the Michigan Department of Corrections (MDOC) to furnish USMS with Mecaj's last known home address.  (ECF No. 23).  The time for service of the summons and complaint was also extended 60 days.  (*Id*.).  Summons was issued for Mecaj on May 10, 2022 to the new address, and on May 16, 2022 USMS acknowledged receipt of those documents, but on July 14, 2022, it was returned unexecuted.  (ECF Nos. 29, 30, 34).  USMS then filed a notice of reasonable effort search, going beyond what is required for *in forma pauperis* service of process,[1] but this search was not fruitful.  (ECF No. 36).

The Order to Show Cause gave Claybron the opportunity to respond by August 8, 2022 to why Mecaj should not be dismissed for Claybron's failure to achieve service.  The Order to Show Cause specifically informed Claybron that "[i]f a response is not filed, or if Claybron fails to show good cause, the undersigned may issue a report and recommendation recommending that Mecaj be dismissed without prejudice under Rule 4(m)."  (ECF No. 37, PageID.169).  To date,

---

[1] *See Goodman v. Schubring*, No. 2:20-CV-13368-SJM-APP, ECF No. 41, PageID.265 (E.D. Mich. July 23, 2022).

Claybron has not responded to the Order to Show Cause and the time for doing so has passed.

III.   Discussion

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Although the time for service was extended for 60 days from April 26, 2022, that time has passed without service for Mecaj. The best efforts of USMS to serve Mecaj, with the help of MDOC, have failed. As explained in the Order to Show Cause, it appears that USMS has exhausted all reasonable resources to try to serve Mecaj and there is nothing in the record to suggest that the Claybron has made an effort to discover or provide additional information about the whereabouts of Mecaj.

Rule 4(m) does not permit dismissal of a defendant without motion or notice, and a plaintiff is permitted to show good cause for the failure. The undersigned directed Claybron to show good cause for the failure by August 8, 2022 and warned him that failure to do so may result in dismissal of Mecaj. Thus,

Claybron was given notice and an opportunity to show good cause. Claybron has not responded to the Order to Show Cause or otherwise shown the requisite good cause under Rule 4(m). As such, dismissal is appropriate.

VI. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Mecaj be DISMISSED WITHOUT PREJUDICE under Rule 4(m) for lack of service.

Dated: August 25, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Case 2:21-cv-11953-MAG-KGA ECF No. 39, PageID.181 Filed 08/25/22 Page 5 of 5

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2022.

                                                s/Carolyn M. Ciesla
                                                CAROLYN M. CIESLA
                                                Case Manager