UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN CLAYBRON,

    Plaintiff,

vs.

JODI DEANGELO, et al.,

    Defendants.
_____/

Case No. 21-cv-11953

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 55), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 53), (3) GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (Dkt. 26), (4) DENYING PLAINTIFF'S MOTIONS TO DENY AND DISMISS DEFENDANT'S MOTION (Dkts. 32, 50), AND (5) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND OR CORRECT COMPLAINT (Dkt. 48)**

This matter is presently before the Court on the report and recommendation (R&R) of Magistrate Judge Kimberly G. Altman (Dkt. 53). In the R&R, the magistrate judge recommends that the Court grant Defendant Jodi DeAngelo's motion to dismiss or, alternatively, for summary judgment (Dkt. 26); deny Plaintiff Jovan Claybron's motions to deny and dismiss DeAngelo's motion (Dkt. 32, 50); and grant in part and deny in part Claybron's motion to amend his complaint (Dkt. 48) such that Claybron may add the claims from ¶¶ 16–44 of his proposed amended complaint and add new Defendants E. Ransom, Michael Nelson, and Donald Ricumstrict. Claybron filed objections (Dkt. 55). For the reasons that follow, the Court overrules Claybron's objections and accepts the magistrate judge's recommendations.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes Claybron's response to DeAngelo's motion (Dkt. 35),

# I. BACKGROUND

Claybron initially sued three Defendants including DeAngelo, who raises an exhaustion defense. Claybron then moved for leave to amend his complaint to add new claims and parties.

## A. Initial Allegations

As the magistrate judge aptly summarizes, Claybron—currently incarcerated at the Woodland Center Correctional Facility (WCC) in Whitmore Lake, Michigan—originally brought Eighth Amendment and First Amendment claims against three WCC employees: acting Warden DeAngelo, Officer Dritan Mecaj, and Officer Emmanuel Montgomery. R&R at 1 (citing Compl. (Dkt. 1)). Claybron alleges that Montgomery and Mecaj conducted a search of Claybron's cell in retaliation for a grievance Claybron filed against Mecaj, during which search the officers destroyed and disheveled his property. Id. at 2 (citing Compl.; Proposed Am. Compl. (Dkt. 48)). Claybron states that he wrote a letter to DeAngelo about this incident, but DeAngelo did not respond or investigate. Id.

Claybron further alleges that Montgomery subsequently (i) threatened to place Claybron in segregation after Montgomery approached Claybron to search his cell and Claybron asked to see Montgomery's supervisor, and (ii) wrote up Claybron for a "major misconduct" after Claybron refused to consent to a pat down search. Id. at 3–4.[2]

---

DeAngelo's reply in support of that motion (Dkt. 33), DeAngelo's response to Claybron's motion for leave to amend (Dkt. 49), and DeAngelo's response to Claybron's motion to deny (Dkt. 52).

Claybron's proposed amended complaint is contained in the same filing as his motion to amend. See Pl. Mot. to Am. at PageID.256–259. Claybron filed two sets of objections which are identical in substance (Dkt. 54, 55); the Court refers to the latter filing, which is more legible.

[2] Mecaj was dismissed for lack of service. R&R at 1. Montgomery—possibly not having been served—has not appeared in this action. Id.

B. **Allegations in Proposed Amended Complaint**

Claybron raises additional claims in his proposed amended complaint. Claybron asserts that Sergeant E. Ransom elevated a misconduct charge against Claybron arising from Claybron's supposed non-compliance with a pat-down initiated by Montgomery, and Ransom expressed that he did so in retaliation for Claybron having filed grievances. Id. at 4 (citing Proposed Am. Compl.). Claybron appealed, but the appeal was denied, and DeAngelo again declined to investigate. Id.

Claybron also asserts that Inspector Michael Nelson and Inspector Donald Ricumstrict were responsible for his personal property being damaged and misplaced while he was "on writ" at Wayne County jail. Id. at 5.

Claybron next alleges that, after the filing of his original complaint, Sergeant Smith moved Claybron to a unit "'used to house the most severe mentally ill inmates'" on DeAngelo's orders and expressed that this discipline was retaliation for Claybron's grievances and present lawsuit. Id. at 5–6 (quoting Proposed Am. Compl. at PageID.259). Claybron filed a grievance and informed Deputy Warden Melissa Godfrey, but Godfrey's only response was allegedly to disallow Claybron from possessing certain personal items. Id. at 6. Claybron's designation was later moved from "level 1" to "level 4," and he claims that Godfrey told him that these and related WCC actions were retaliation for Claybron's grievances and lawsuit. Id.

Claybron also submits that DeAngelo has been dismissing his grievances as untimely and withholding his legal mail, that Grievance Coordinator Mikat purposely undermined his grievances, and that Assistant Deputy Director Willis Chapman and Michigan Department of Corrections (MDOC) Director Heidi Washington failed to investigate these issues after he wrote to them. Id. at 6–7.

On these allegations, Smith seeks to add claims against Washington, Godfrey, Chapman, Smith, Nelson, Ricumstrict, Ransom, and Mikat to his present action. Id. at 4.

### C. Proposed Findings by Magistrate Judge

The R&R assesses which of Claybron's newly proposed claims and parties are sufficiently related to Claybron's initial claims to be properly joined to the present action. See id. at 12–16. The magistrate judge recommends finding that Claybron's allegations in ¶¶ 16–44 of his proposed amended complaint—i.e., those occurring within about eight months of Montgomery and Mecaj's search of Claybron's cell and relating either to Montgomery's alleged mistreatment of Claybron or Nelson and Ricumstrict's alleged mistreatment of his property—can be joined to Claybron's present suit because they relate to claims of retaliation in response to Claybron's grievances against Montgomery. Id. at 14. She recommends finding that the remaining claims—i.e., those relating to events that allegedly occurred more than four months after the filing of this action and concern claims of retaliation in response to Claybron's actions against DeAngelo—do not have a sufficient relation to Claybron's initial suit to justify joinder. Id. at 14–16. This approach would add Ransom, Nelson, and Ricumstrict as Defendants.

The magistrate judge also recommends that the Court dismiss DeAngelo from this suit for Claybron's failure to exhaust his administrative remedies against her. Id. at 24. The magistrate judge notes that Claybron did not name DeAngelo in any grievance relevant to any claims in Claybron's original complaint or relevant to any claims from the proposed amended complaint that the magistrate judge recommends be joined to Claybron's suit. Id. at 21–24.

4

## II. ANALYSIS[3]

Claybron's objections relate to (i) the dismissal of DeAngelo from this suit, (ii) the partial denial of his motion to amend his pleadings, and (iii) the dismissal of other Defendants if the Court allows Claybron to amend his pleadings to join those Defendants.

### A. Objection Relating to Dismissal of DeAngelo

Claybron first objects to the magistrate judge's finding that Claybron did not exhaust his administrative remedies as to DeAngelo, necessitating DeAngelo's dismissal. See Obj. at 1–4. An incarcerated plaintiff must exhaust all administrative remedies before filing any "inmate suit[] about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citing Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA)). Such a plaintiff "ordinarily does not comply with" MDOC exhaustion requirements "when he does not specify the names of each person from whom he seeks relief" in the grievance. Mattox v. Edelman, 851 F.3d 583, 590–591 (6th Cir. 2017). The MDOC grievance procedure has three steps, and a grievant must name a defendant in the initial Step I grievance to exhaust remedies against that defendant. See Alexander v. Jackson, 440 F. Supp. 2d 682, 689 (E.D. Mich. 2006).

Claybron submits that he exhausted his claims against DeAngelo even though he did not name her in his initial grievance. He cites cases that stand for the premise that prison officials cannot claim a failure to exhaust if they choose to overlook procedural deficiencies in a grievance—like the failure to name an individual involved in the challenged conduct—and

---

[3] The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Absent a specific objection, the issue is waived. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). Additionally, any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

proceed to review the grievance on its merits.[4]

The magistrate judge addresses this line of cases and finds it improper to treat Claybron's claims against DeAngelo as exhausted. R&R at 23–24 (citing Johannes v. Washington, No. 14-11691, 2016 WL 1253266, at *11 (E.D. Mich. Mar. 31, 2016); Mattox, 851 F.3d 583). The magistrate judge is correct that an incarcerated plaintiff's grievance fails to exhaust claims as to a specific individual if the grievance "simply did not provide fair notice of any claim against" that defendant. Johannes, 2016 WL 1253266, at *12; see also Mattox, 851 F.3d at 596 (finding grievance was properly exhausted where it "was sufficient to give prison officials notice that [plaintiff] was challenging [defendant's] conduct").

Claybron did not exhaust his administrative procedures against DeAngelo, and the MDOC did not waive its right to raise an exhaustion defense by reviewing Claybron's grievance against other individuals on its merits. Claybron filed the relevant grievance specifically against Montgomery and Mecaj. See Grievance at PageID.138 (Dkt. 26-3). He alleged that these individuals "threw" Claybron's property on the floor and "broke[]" specific items in retaliation

---

[4] See Reed-Bey v. Pramstaller, 603 F.3d 322, 324–326 (6th Cir. 2010) (finding that incarcerated plaintiff had properly exhausted claim, even though he had "fail[ed] to name a single individual in his initial grievance," because the Department of Corrections "overlooked (or perhaps forgave) this procedural failing and chose to address [plaintiff's] grievance on the merits"); Kirschke v. Schooley, No. 20-11118, 2022 WL 2192927, at *6–*7 (E.D. Mich. June 17, 2022) (finding that incarcerated plaintiff had "properly exhausted his grievance even though one prison employee "was not named in the grievance" because "she and administrators had sufficient notice of [plaintiff's] allegations," explaining that where "'MDOC officials [have] addressed the merits of the [plaintiff's] grievance at each step and [have] not enforce[d] any procedural requirements, [the plaintiff's] failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion'") (quoting Holloway v. McLaren, 2016 U.S. App. LEXIS 14644, at *5 (6th Cir. Apr. 7, 2016)); Sweezer v. Heyns, No. 13-CV-14382, 2015 WL 417532, at *4 (E.D. Mich. Jan. 31, 2015) (finding that incarcerated individual had exhausted remedies where he "filed a grievance, contending the prison was miscalculating his sentence," and "[t]he prison addressed the merits of his complaint," stating: "the Defendants are merely seeking to insulate their merits-based grievance denial from federal review").

6

for his having filed a separate grievance. Id. This grievance does "not provide fair notice of any claim against" DeAngelo. Johannes, 2016 WL 1253266, at *12. It is not sufficient for Claybron to assert that he "put prison administration on notice" of the misconduct, see Obj. at 3; the fact that Claybron has filed a grievance against two specific prison employees does not exhaust his claims against every administrator who is exposed to that grievance. Similarly, Claybron's assertion that he sent DeAngelo a letter does not excuse his required participation in the grievance procedure. See id. This assertion is irrelevant; it is undisputed that DeAngelo was aware of the grievance against Montgomery and Mecaj, as she reviewed Claybron's grievance at Step II. See Grievance at PageID.137. But nothing in Claybron's Step I grievance "was sufficient to give prison officials notice that [Claybron] was challenging [DeAngelo's] conduct." Mattox, 851 F.3d at 596.

The Court overrules Claybron's objection and accepts the magistrate judge's recommendation to grant summary judgment to DeAngelo on the grounds that Claybron failed to exhaust his MDOC remedies against her. Mattox, 851 F.3d at 590–591.

### B. Objections Regarding Motion for Leave to Amend Complaint

Claybron asserts multiple grounds for objecting to the magistrate judge's recommendation that his motion for leave to amend be denied in part.

### i. Pleadings Made with Sufficient Plausibility

Claybron submits that the facts alleged in his amended complaint are sufficiently plausible to withstand a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). Obj. at 4–5. Similarly, he argues that the dismissal of his claims against Smith, DeAngelo, Washington, Godfrey, Chapman, and Mikay is improper because Claybron's "amended complaint contains facial plausibility." Id. at 7–8.

7

These objections fail to challenge the basis for the magistrate judge's recommendation of a partial denial of Claybron's motion. The magistrate judge recommends finding that certain of Claybron's new claims and defendants cannot be joined to his existing claims against the current Defendants. See R&R at 12–16 (citing Fed. R. Civ. P. 20(a); Fed. R. Civ. P. 18(a); Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) ("[P]laintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.") (punctuation and emphasis modified)). Whether Claybron's proposed new claims are plausibly pleaded or not is irrelevant to the question of whether the new claims and new parties can be joined to the present suit. The Court overrules these objections. See Proctor, 661 F. Supp. 2d at 778.

### ii. Prejudice

Claybron also argues that the denial of a motion to amend a complaint requires "at least some significant showing of prejudice," and he submits that Defendants never argued that they were prejudiced by his motion. Obj. at 4 (citing Ziegler v. Aukerman, 512 F.3d 777, 786 (6th Cir. 2008) ("To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent.") (punctuation modified)).

Ziegler—explaining that the denial of a motion for leave to amend a complaint is improper if based on lack of timeliness alone, see 512 F.3d at 786—does not mandate a grant of every motion to amend the pleadings where the parties do not brief prejudice. Rather, a finding that a plaintiff's proposed new claims cannot be joined to existing claims under Federal Rule of Civil Procedure 20 is a sufficient basis to deny a motion to amend a complaint. See, e.g., Ellison v. Lonza, No. 3:19-cv-182-CEA-DCP, 2021 WL 1253585, at *2 (E.D. Tenn. Apr. 5, 2021). The

8

magistrate judge made that finding in this case. See R&R at 12–16.

Regardless, Defendants do cite prejudice as one rationale for denying a motion for leave to amend the complaint, see Def. Resp. to Mot. to Am. Compl. at 2, and this Court has no difficulty finding that all defendants would suffer prejudice if burdened with the expense and inconvenience of defending against claims joined to a series of unrelated allegations against different defendants. The Court overrules this objection.

### iii. Additional Grievances Filed Against DeAngelo

Claybron objects to the magistrate judge's observation that Claybron did not file actionable claims against DeAngelo between October 27, 2020 and January 4, 2022. Obj. at 6 (citing R&R at 11). Claybron argues that he filed multiple grievances against DeAngelo in this time period, but that all of these grievances were dismissed as untimely in violation of WCC's grievance policy. Id.

The magistrate judge made this observation in the context of her finding that certain of Claybron's newly proposed claims were "separated by long periods of time and present[ed] different questions of law and fact" as compared to Claybron's initial claims, and so were "improperly joined and severable." R&R at 11.

Claybron appears to argue the merits of additional grievances he filed during this period. That question is not before this Court. The magistrate judge recommended that certain claims and parties not be joined to Claybron's suit because she found an insufficient relation between (i) claims and parties related to three officers' alleged mistreatment of Claybron and his property over an approximate eight-month period, and (ii) later claims and parties allegedly involved in incidents following the filing of the present action and related to DeAngelo's retaliation. See id. at 14–16. Clayborn's insistence that additional grievances are meritorious does not make these

9

categories of claims and parties proper for joinder. The Court overrules Claybron's objection.

### iv. Existence of Fully Exhausted Claims Before Filing of Present Suit

Claybron objects to the "Rule 15 ruling" as to Mecaj and DeAngelo. Obj. at 4–5. He submits that "his original complaint definitely contained at least one fully exhausted claim against Mecaj and . . . Montgomery," and so he should be allowed to amend his complaint. Id. at 5.

Claybron appears to refer to the magistrate judge's observation that "'the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim.'" R&R at 20 (quoting Mattox, 851 F.3d at 595).

Even if Claybron has fully exhausted claims against Mecaj and Montgomery, that fact would only help him get over the PLRA's exhaustion hurdle. See Mattox, 851 F.3d at 591–595. Claybron still fails to make any argument that his new proposed claims and defendants can be properly joined to his present suit under Rules 18 and 20. The Court overrules this objection.

The Court accepts the magistrate judge's recommendations to (i) allow Claybron to amend his complaint to add allegations from ¶¶ 16–44 of his proposed amended complaint and (ii) deny his motion to amend as to his remaining new allegations.

### C. Objections Regarding Claims Against Washington and Chapman

Claybron objects to the magistrate judge's recommended dismissal of his claims against Defendants Washington and Chapman for Claybron's failure to state a claim. Obj. at 8–9 (citing Bass v. Robinson, 167 F.3d 1041 (6th Cir. 1999)). Claybron submits that these supervisors had sufficient personal involvement to be liable under a theory of supervisory liability. Id. at 8.

The magistrate judge's recommendation applies only if the Court allows Claybron to amend his complaint to add claims against Washington and Chapman. See R&R at 27. As discussed, the Court agrees with the magistrate judge that these claims and defendants are not properly joined to Claybron's present action. The Court overrules this objection.

### III.  CONCLUSION

Accordingly, the Court overrules Claybron's objections (Dkt. 55) and accepts the recommendation in the magistrate judge's R&R (Dkt. 53). The Court grants DeAngelo's motion to dismiss or, alternatively, for summary judgment (Dkt. 26), and the Court dismisses DeAngelo from the case. The Court denies Claybron's motions to deny and dismiss DeAngelo's motion (Dkt. 32, 50). The Court grants in part and denies in part Claybron's motion to amend his complaint (Dkt. 48), allowing Claybron to add the claims from ¶¶ 16–44 of his proposed amended complaint and to add Defendants Ransom, Nelson, and Ricumstrict. Claybron also has a surviving claim against Montgomery, if he can resolve the issue of service.

The remaining claims against Smith, DeAngelo, Washington, Godfrey, Chapman, and Mikat are dismissed without prejudice.

Claybron must file his amended complaint within seven days of entry of this order and serve the new Defendants within 21 days of entry of this order.

SO ORDERED.

Dated: March 20, 2023  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge