UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CLAYBRON,

      Plaintiff,                          Case No. 21-cv-11953

v.                                            HON. MARK A. GOLDSMITH

OFFICER MONTGOMERY, MICHAEL
NELSON, DONALD RICUMSTRICT,
and E. RANSOM

      Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 78), (2) SUSTAINING DEFENDANT MONTGOMERY'S OBJECTION (Dkt. 80), AND (3) GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. 72)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman issued on April 15, 2024 (Dkt. 78). In the R&R, the magistrate judge recommends that Defendants' motion for summary judgment (Dkt. 72) be granted in part and denied in part. Defendant Montgomery filed a timely objection to the R&R (Dkt. 80).[1] For the reasons that follow, the Court: (i) accepts in part and denies in part the recommendation in the

---

[1] The docket also reflects an objection purportedly filed by Jodi Deangelo (Dkt. 79). Deangelo was previously dismissed from this case after the Court granted her motion to dismiss or, alternatively, motion for summary judgment. See 3/20/23 Op. & Order (Dkt. 56). The Deangelo objection links to a document titled "MDOC Defendant Montgomery's Objections to Report and Recommendation (ECF No. 78)" that is identical to the objection at Docket 80. The Court therefore assumes the objection filed as Docket 79 was filed in error.

1

R&R, (ii) sustains Montgomery's objection, and (iii) grants Defendants' motion for summary judgment in part.[2]

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–8. Claybron is currently a prisoner at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. See R&R at 1. He brings claims against Michigan Department of Corrections (MDOC) Defendants Emmanuel Montgomery, Michael Nelson, E. Ransom, and Donald Ricumstrict, alleging violations of the Eighth and Fourteenth Amendments. Id. at 1–2. Claybron alleges violations stemming from various incidents occurring between June 2020 and February 2021. With respect to Montgomery, Claybron alleges that he was subjected to a June 22, 2020 retaliatory cell search, a July 25, 2020 retaliatory misconduct ticket, and various threatened pat-down searches. Id. at 6–7. With respect to Montgomery and Ransom, Claybron alleges an August 19, 2020 retaliatory misconduct ticket. Id. at 7. With respect to Nelson and Ricumstrict, Claybron alleges that they damaged his property sometime between October 2020 and February 2021 while he was on writ at Wayne County Jail. Id. at 7–8.

Defendants filed a motion for summary judgment based on exhaustion, arguing that Claybron failed to exhaust his claims against them. See Mot for Summ. J. The magistrate judge found that Claybron failed to exhaust his claims arising from the various threatened pat-down searches and the August 19 retaliatory misconduct ticket, but that Defendants failed to show that Claybron did not exhaust the remaining claims. Montgomery objected to the R&R "insofar as it recommends that" the retaliation claim arising out of the July 25 misconduct ticket should be

---

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to Defendants' motion for summary judgment, the briefing includes Claybron's response (Dkt. 76) and Defendants' reply (Dkt. 77).

allowed to proceed. See Obj. at 1–2. Montgomery did not object to any other part of the R&R, and no other parties filed a timely objection.

For the reasons that follow, the Court sustains Montgomery's objection. The Court adopts the R&R except as it relates to the July 25 retaliatory misconduct ticket, finding that Claybron's claim stemming from that incident must be dismissed for failure to exhaust administrative remedies.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). Because Montgomery's objection only addresses the July 25 misconduct ticket, that is the only portion of the R&R the Court reviews de novo.

Claybron alleges that, on July 24, 2020, Montgomery asked him to consent to a pat-down search while he was on his way to receive medical attention. R&R at 6–7 (citing Am. Compl. at PageID.397 (Dkt. 57)). After being "threatened by [Montgomery] multiple times," Claybron asked Montgomery's supervisor to watch the pat-down search "to assure no contraband or false assault charge would be written." Am. Compl. at PageID.397. Eventually, Montgomery's supervisor conducted the pat-down search himself. R&R at 7 (citing Am. Compl. at PageID.397). Claybron alleges that Montgomery issued him a major misconduct ticket on July 25, 2020 in retaliation for not allowing Montgomery to conduct the search the day before. Id. at 7 (citing Am. Compl. at PageID.397–398). The misconduct ticket was dismissed "[a]fter reviewing the camera and talking to [Montgomery's supervisor]." Am. Compl. at PageID.398. The ticket never

3

proceeded to a misconduct hearing. Id. Montgomery contends that Claybron did not file a grievance against him for issuing the July 25 ticket, see Mot. for Summ. J. at 15, a fact that Claybron does not dispute.

The magistrate judge found that "[D]efendants failed to carry their burden of establishing lack of exhaustion" with respect to this claim. R&R at 15. In particular, the magistrate judge noted that "[D]efendants have submitted no evidence regarding the July 25 misconduct ticket, such as the ticket itself or the subsequent hearing report."[3] Id. at 14. But as Montgomery argues in his objection, Defendants have in fact shown that Claybron failed to exhaust this claim.

The magistrate judge noted that, "[w]hen an inmate claims that he received a retaliatory misconduct ticket, he must exhaust the claim by raising the issue through the hearings and appeals process." R&R at 14 (citing Bell v. Admin. Bd. of Claims, No. 2:20-cv-10193, 2022 WL 17995670, at *4 (E.D. Mich. Sept. 13, 2022), report and recommendation adopted, 2022 WL 17995537 (E.D. Mich. Dec. 28, 2022)). Further, "[d]ecisions made in prisoner misconduct hearings are non-grievable, and where a prisoner asserts that he was given a ticket wrongfully or out of retaliation, he must raise this issue at the initial hearing and again upon application for rehearing or appeal in order to exhaust the claim." Id. at 14–15 (citing Ayotte v. Stemen, No. 15-13826, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019)). On this authority, the magistrate judge concluded that Defendants' failure to submit a hearing report rendered it impossible to determine whether Claybron exhausted the claim by "raising the issue through the hearings and appeals process." Bell, 2022 WL 17995670, at *4.

This logic is flawed, however, because it fails to account for the fact that the ticket was dismissed before a misconduct hearing was held. With no hearing, there was no opportunity for

---

[3] As Montgomery notes in his objection, the misconduct ticket was already in the record as an attachment to Claybron's motion for leave to amend. See Mot. for Leave to Amend at PageID.272 (Dkt. 48).

4

Claybron to raise the issue of retaliation, no decision for Claybron to appeal, and no hearing report for Defendants to produce. Claybron's remedy in this situation was to "file a grievance so that there could be administrative review of his allegations." See Parker v. Turner, No. 20-12794, 2022 WL 722192, at *4 (E.D. Mich. Mar. 9, 2022). While the magistrate judge is correct that decisions made in prisoner misconduct hearings are non-grievable, Claybron's claim does not relate to a decision made in a misconduct hearing. Claybron's claim relates to the issuance of the misconduct ticket itself, which he contends was retaliatory. As the Sixth Circuit has explained, "[a]s distinct from the outcomes of misconduct _hearings_, the filing of retaliatory misconduct _reports_ is grievable under MDOC Policy Directive 03.02.130." Reynolds-Bey v. Harris, 428 F. App'x 493, 501 (6th Cir. 2011) (emphasis in original).

Montgomery has contended that no grievance was filed regarding the July 25 misconduct ticket, which Claybron does not dispute. For this reason, any claim stemming from that incident must be dismissed for failure to exhaust administrative remedies.

### III. CONCLUSION

For the reasons stated above, the Court: (i) accepts in part and denies in part the recommendation in the R&R, (ii) sustains Montgomery's objection, and (iii) grants Defendants' motion for summary judgment in part.

SO ORDERED.

Dated: May 20, 2024　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　United States District Judge